UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80330-CIV-MARRA

EVAN ANISH, individually and on behalf of
All others similarly situated,

       Plaintiff,

vs.

NATIONAL SECURITIES CORPORATION,
a Foreign corporation and DOES 1 through 10,
inclusive,

       Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE IMMATERIAL, IMPERTINENT, AND IMPROPER PORTIONS OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, National Securities Corporation, pursuant to the applicable Rules of the Federal Rules of Civil Procedure, and through its undersigned counsel, file this, its Motion to Dismiss and Motion to Strike Immaterial, Impertinent, and Improper Portions of Plaintiff's Complaint, and states the following.

**I.    MOTION TO DISMISS AND MOTION TO STRIKE IMMATERIAL, IMPERTINENT, AND IMPROPER PORTIONS OF PLAINTIFF'S COMPLAINT**

### Introduction

1.    Plaintiff's Complaint purports to seek remedies for alleged violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA").

2.    Plaintiff characterizes his pleading as a Collective Action Complaint under 29 U.S.C. § 216 seeking relief on behalf of himself and "all others similarly situated." Compl., caption, ¶4.

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

3.      Plaintiff has not filed a written consent form with the Court as is required to initiate an "opt-in" collective action under the FLSA. Absent a written and filed consent, a named plaintiff is not a party.  29 U.S.C. § 216(b).  Accordingly, the Complaint should be dismissed in its entirety.

4.      In addition, Plaintiff fails to facially show a plausible cause of action as required by Fed. R. Civ. P. 12(b)(6) and 8(a)((2) and therefore, the Complaint should be dismissed in its entirety.

5.      To succeed on his FLSA claims, Plaintiff must show either that Defendant NSC failed to pay him at least minimum wage for all hours that he worked, or that he worked more than forty hours per week and did not receive overtime premium pay for that time. *See* 29 U.S.C. § 201, *et seq.* Plaintiff fails to allege facts to support either type of FLSA claim. Plaintiff, in fact, makes no allegations whatsoever regarding his own association with Defendant, other than a few conclusory statements. For example, he fails to allege in which office he worked and during what period of time he was associated with NSC. Perhaps, most importantly, the Court is left to guess the number of hours for which he claims that he was not paid.[1]

6.      Courts applying *Bell Atlantic Corporation et al., v. Twombly*, 550 U.S. 544 (2007) in the context of claims for overtime under the FLSA have held that a complaint must "at least approximately allege the hours worked for which ... wages were not received" because "simply

---

[1]      Plaintiff alleges very limited facts regarding his position, no facts related to his compensation, and no facts related to hours of work.  This is merely exemplary of the ways in which his statutory claim fails to meet the *Twombly* standard. For example, and as more specifically set forth *infra*, Section II.B., Plaintiff, for example, makes conclusory assertions throughout the Complaint that (a) Plaintiff and "all others similarly situated members of the Class" regularly worked in excess of forty (40) hours per workweek and/or over 8 hours in a day, (b) "Plaintiff and the members of the Class were illegally under-compensated for their work," and (c) "Defendant failed to compensate Plaintiff for all hours worked, including those hours over forty (40) per week." Compl., ¶¶ 6, 7, 8, 20, 26, 45.

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

stating that a Plaintiff was not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA." *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628-30 (S.D.N.Y. 2007). The need for specific allegations bears particular importance here because of the remarkably broad group of individuals whom Plaintiff seeks to sweep into the collective action.[2]

7.     Further, Plaintiff's claim that Defendant NSC violated the FLSA's minimum wage provision fails as well. A plaintiff cannot make out a minimum wage violation simply by alleging that he was not paid at his regular rate of pay for a number of hours. Instead, he must allege facts that, if proven, would demonstrate that as a result of that unpaid time, his rate of pay during some period dropped below the statutory minimum. *See, e.g., Bailey v. Border Foods Inc.*, 2009 WL 3248305, at *2 (D. Minn 2009) (granting motion to dismiss wage claims because plaintiffs "failed to identify their hourly pay rates ... or any facts [concerning hours worked and paid] that would permit the Court to infer that Plaintiffs actually received less than minimum wage"). The Complaint fails to meet this standard, as it lacks any information concerning Plaintiff's specific pay or the number of hours for which he claims not to have been paid. Compl., ¶51("Plaintiff and the members of the Class are entitled to compensation for the unpaid minimum wages at the federal minimum wage rate ...").

8.     Defendant moves this Court for an order dismissing the claims asserted by Plaintiff for alleged unpaid overtime and unpaid minimum wage under the FLSA. The Complaint lacks sufficient factual allegations to support such claims. Plaintiff's lawsuit threatens "sprawling, costly, and hugely time-consuming" nationwide discovery based upon mere

---

[2]     Plaintiff identifies more than ten positions that he claims to be at issue in this case but provides no basis for a contention that incumbents in all of the listed positions have performed work for which they were not paid or performed work for which they were not paid minimum wage. Compl.,¶2. In fact, some of the categories Plaintiff recites do not correspond to any position Defendant NSC has ever maintained.

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

conclusory allegations, unwarranted deductions of facts, and legal conclusions masquerading as facts. The dismissal of claims failing to meet the pleading standard established by the United States Supreme Court in *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), is especially vital for cases, such as the instant wage and hour action, where massive and burdensome discovery is likely.

9.      Finally, Defendant seeks to strike immaterial, impertinent, and improper portions of Plaintiff's Complaint pursuant to Rule 12(f), Fed. R. Civ. P, to wit:

a.      Reference to "DOES 1 through 10, inclusive" (Compl., caption), reference to " ... Plaintiff alleges that at all relevant times each defendant, including DOES 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of an in furtherance of each relationship," (Compl., ¶3), and reference to "or any other parent, subsidiary, related, or successor companies. Compl., ¶2.

b.      Reference to "applicable employment laws," (Compl., ¶¶1, 22), Prayer for Relief Section, p.10, §A.

c.      Reference to "the above-referenced laws." Compl., ¶6.

d.      Reference to "and/or in excess of eight hours per day without any premium for overtime pay as required by law." Compl., ¶¶7, 20.

e.      Paragraph 16 in its entirety:   "Plaintiff and members of the Class are not administratively exempt because, among other things, their primary duty is the sale of securities." Compl., ¶16.

f.      Paragraph 17 in its entirety: "Plaintiff and members of the Class are not exempt under the commissioned sales exemption because this exemption is unavailable to Defendant due to the fact that Defendant lacks a retail concept.  Business that lacks a retail concept under the FLSA cannot claim the commissioned sales exemption." Compl., ¶17.

g.      Paragraph 18 in its entirety:  "Plaintiff and the Class do not qualify for the professional exemption described in the Act ... because securities Brokers are not employed in a bona fide professional capacity, requiring a specific degree in a field of science or learning." Compl., ¶18.

4

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

h.      Reference to "knowing and willful." Compl., ¶21.

i.      Reference to "If these records are unavailable, members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). Compl., ¶23.

j.      Reference to "during the statutory period covered by this Complaint." Compl., ¶ 26.

k.      Paragraph 29 in its entirety referencing National Holdings Corporation, "the applicable class period," and National Securities as "an entity of unknown form and business." Compl., ¶29.

l.      Paragraph 48 in its entirety: "Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein." Compl., ¶ 48.

m.      "Prayer for Relief Section, p.10, B, in its entirety, which seeks an Order designating the Class as a collective action. Compl., p.10, §B.

n.      "Prayer for Relief Section, p.10, E, in its entirety, which seeks an Order imposing a Constructive Trust. Compl., p.10, §E.

o.      "Prayer for Relief Section, p.10, §G, in its entirety, which seeks an award of punitive damages. Compl., p.10, §G.

p.      "Prayer for Relief Section, p.10, §J, in its entirety, which seeks equitable restitution. Compl., p.10, §J.

## II.      MEMORANDUM OF LAW

### A.      "Opt-In" Collective Action

Plaintiff has purportedly brought this action under the collective action provision of the FLSA set forth in 29 U.S.C. § 216(b), which permits individuals to bring suit on behalf of themselves and "other employees similarly situated." This provision states that, in such an action: no employee shall be a party plaintiff unless he gives his consent in writing to become such a party and consent is filed in the court in which such action is brought.  The named Plaintiff has not filed a consent to join the action as required under the FLSA.  The statutory

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

language of the FLSA is clear that when individuals file a collective action under Section 216, all plaintiffs, including the named plaintiff, must file a consent to suit with the court.[3] *See* 29 U.S.C. § 256. Section 256 provides, in pertinent part, that an FLSA action:

> shall be considered to be commenced in the case of any individual claimant ... on the date when the complaint is filed, if [the plaintiff] is specifically named as a party plaintiff in the complaint ***and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought;*** or[,] if such written consent was not so filed or if his name did not so appear[,] on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256 (emphasis added)

To this end, it has long been established that the requirement applies to named plaintiffs, as well as individuals who may wish to opt-in to the action. *See, e.g., Harkins v. Riverboat Servs., Inc.,* 385 F.3d 1009, 1101 (7th Cir. 2004) (interpreting statute literally to require named plaintiffs to file consent with court and noting that "[n]o other appellate decision does otherwise"); *Lee v. Vance Executive Production, Inc.,* 7 Fed. Appx. 160, 16-67 (4th Cir. 2001); *Gonzalez v. El Acajutla Restaurant Inc.,* 2007 WL 869583, at *5 (E.D.N.Y. Mar. 20, 2007) (noting that case law and the FLSA itself require named plaintiffs to submit a written consent to join in a collective action); *Gutescu v. Carey Int'l, Inc.,* 2004 WL 5333763, at *3 (S.D. Fla. Feb. 25, 2004) (noting that Section 216(b) "clearly provides" that named plaintiffs in FLSA collective action must file consent to suit).

Absent a written and filed consent, a named plaintiff is not a party. In *Harkins v. Riverboat Servs., Inc.,* the Seventh Circuit Court of Appeals summarized the absolute requirement of consent under Section 216(b):

---

[3]  Plaintiff's mere allegation that he "consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b)" is not enough. Compl., ¶28.

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

> The statute is unambiguous: If you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in a complaint, for you might have been named without your consent. The rule requiring written, filed consent is important because a party is bound by whatever judgment is eventually entered in the case, and if he is distrustful of the capacity of the "class" counsel to win a judgment, he won't consent to join the suit. We are inclined to interpret the statute literally. No appellate decision does otherwise.

*Harkins*, 385 F.3d at 1101.

In the case of *Lira, et al. v. Arrow Air, Inc.,* Case No. 05-23273-CIV-LENARD (S.D. Fla. April 17, 2006), Judge Joan A. Lenard of this District entered an order of dismissal based upon the failure of the plaintiffs to file consents. A copy of Judge Lenard's order is attached hereto as Exhibit "A." In so holding, Judge Lenard concluded:

> After an examination of the plain language of Title 29, United States Code, Section 216(b) and of the FLSA as a whole, including, in particular, Title 29, United States Code, Section 256, and noting that the Court of Appeals for the Eleventh Circuit does not appear to have ever considered this issue, *cf. Prickett v. Dekalb County*, 349 F .3d 1294, 1296 (11th Cir. 2003) (noting that opt-in plaintiffs must file consents, but not addressing whether named plaintiffs must also file a consent pursuant to Section 216(b)); *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 885 (11th Cir. 1983) (same), the Court finds that both named and opt-in plaintiffs must file a document indicating their consent to participate in a collective action under the FLSA.

Accordingly, because Plaintiff did not file a written consent form in this action as required under the FLSA, the Complaint should be dismissed in its entirety.

**B.      Plaintiff Fails to Provide Sufficient Factual Support for the FLSA Claims**

**1.      The Applicable Standard For a Rule 12(b)(6) Motion.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim for relief may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal is proper where there is either a lack of a cognizable legal theory or an absence of sufficient facts alleged

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). Factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly,* 550 U.S. at 545 (citations omitted). A plaintiff must plead a "statement of circumstances, occurrences, and events in support of the claim presented." *Id.* at 556 n.3 (quoting C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1202 (3d ed. 2004)).

For the purpose of a motion to dismiss, facts as alleged are assumed to be true. *Anderson v. Clow (In re Stac Elecs. Sec. Litig.),* 89 F.3d 1399, 1403 (9th Cir. 1996). This basic tenet, however, is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. *See also Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009). Thus, the Court should not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions as a basis to proceed. *Twombly,* 550 U.S. at 545-46, 555, 570; *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (holding that the Court "is not required to accept legal conclusions cast in the form of factual allegations"). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly,* 550 U.S. at 557." Though *Twombly*

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8. That Rule in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." *Iqbal,* 129 S. Ct. at 1953 (internal citation and quotation omitted).

*Twombly* made clear that it is not proper for a court to assume that a plaintiff can prove facts he has not alleged or that the defendants have violated laws in ways not alleged. *Twombly,* 550 U.S. at 563 n.8 (quoting *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983)). If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citation omitted). Dismissal of claims failing to meet the *Twombly* standard is especially vital for cases in which the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-conscious defendants to settle even anemic cases." *Id.* at 559, 560 n. 6; *see also Noble v. Serco, Inc.,* No. 08-76-DCR, 2009 U.S. Dist LEXIS 54632 *4 (E.D. Ky. June 25, 2009) (stating that an FLSA claim for unpaid overtime compensation "has the potential to be a complicated and expensive matter involving multiple plaintiffs around the country"). It is only by requiring sufficient detail in the pleadings "that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence." *Twombly,* 550 U.S. at 559 (quotations omitted). It is for this reason that allowing discovery prior to determining the sufficiency of allegations in cases involving burdensome discovery would defeat one of the rationales of *Twombly.*

## 2.     The Two-Step Analysis Under *Twombly* and *Iqbal.*

*Twombly* and *Iqbal* set forth a two-step process for analyzing the sufficiency of a complaint when challenged via a motion to dismiss. First, the Court must accept as true all factual allegations, but exclude/ignore any "conclusory statements" or "threadbare recitals of the

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

elements." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). Second, the Court must determine whether the complaint on its face states a plausible claim for relief and not merely a possible one. *Iqbal,* 129 S.Ct. at 1950.

     **i.**     **Plaintiff's Allegations Are Not Entitled to the Assumption of Truth.**

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1950. Here, the Court should identify the following allegations as amounting to nothing more than vague legal conclusions of wrongdoing and/or mere statements of legal standards that need not be entitled to the assumption of truth:

- "… if Securities brokers work over forty (40) hours per week, they are entitled to premium overtime pay." Compl., ¶1.

- "Plaintiff alleges on behalf of himself and the Class that they are: (i) entitled to unpaid wages from defendant for hours worked in which they did not receive mandated minimum wages, as required by law; (ii) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, …" Compl., ¶5.

- "… Plaintiff and the members of the Class were illegally under-compensated for their work." Compl., ¶6.

- Plaintiff and the other similarly situated members of the Class are/were inside sales people, and/or trainees to become inside sales people, engaged in the sale of Financial Products on behalf of Defendant, who regularly worked in excess of forty (40) hours per workweek and/or in excess of eight hours per day without any premium for overtime pay as required by law. Compl., ¶7.

- " …Plaintiff and members of the Class were, and continue to be, required to work more than forty (40) hours a week during the course of their employment with Defendant." Compl., ¶8.

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

- "The duties of Securities Brokers are set forth in uniform, company-wide policies and procedures promulgated by Defendant.  Pursuant to Defendant's uniform employment policies, Securities Brokers were paid principally on a commission basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation." Compl., ¶11.

- "… Securities Brokers, including Plaintiff and members of the Class, have been wrongfully classified by Defendant, are not exempt from the requirement of overtime pay." Compl., ¶19.

- "… Plaintiff and the members of the Class are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid." Compl., ¶21.

- "Defendant failed to compensate Plaintiff for all hours worked, including those hours over forty (40) per week." Compl., ¶26.

- "… Defendant has a policy and practice of refusing to pay overtime compensation to its Securities Brokers for the hours worked in excess of forty (40) hours per week." Compl., ¶44.

- "Defendant's failure to pay Plaintiff and all other members of the Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hours per workweek, is a violation of 29 U.S.C. §§ 206, 207." Compl., ¶45.

- "…Securities Brokers were paid primarily on a commission basis irrespective of the number of actual hours worked during a workweek." Compl., ¶49.

- "Pursuant to Defendant's compensation policies, Plaintiff and members of the Nationwide Collective Class would not receive any compensation unless they finalized a sale of Defendant's financial Products, irrespective of the actual hours worked." Compl., ¶50.

- "Plaintiff and the members of the Class are entitled to compensation for the unpaid wages at the federal minimum wage rate …" Compl., ¶51.

Courts have rejected allegations that were similar to those set forth above in reviewing similar motions to dismiss. In *Acosta v. The Yale Club of New York City,* 1995 U.S. Dist. LEXIS

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

14881 (S.D.N.Y. Oct. 12, 1995), the Court dismissed the plaintiffs' FLSA overtime claim for failure to sufficiently plead such claim. In support of the alleged FLSA overtime claim, the plaintiffs alleged incidents where they were required to work extra hours on a given day, or were coerced to work on holidays, for which they did not receive overtime. *Id.* at *6. Plaintiffs generally alleged that "hundreds of hours of overtime were not paid to many of the plaintiffs" and that "plaintiffs were simply uncompensated for hours they worked and sometimes entire shifts worked without pay." *Id.* In opposing the motion to dismiss, the plaintiffs argued that, since the complaint had alleged that they were not paid for overtime work, "by definition, plaintiffs are claiming that they worked over forty hours per week." *Id.* at *11. In dismissing the FLSA overtime claim, the court disagreed, stating: "[S]imply stating that Plaintiffs were not paid for overtime work does not sufficiently allege a violation of the FLSA." *Id.* Similarly, in *Zhong v. August Corp.,* 498 F.Supp.2d 625, 630 (S.D.N.Y. 2007), the court dismissed an FLSA overtime claim where the plaintiff "merely alleged that he worked beyond 40 hours per week." *Id.* at 630 (internal citations omitted). In dismissing the overtime claim, it held that "[s]imply stating that [a plaintiff] w[as] not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA. *Id. (quoting Acosta,* 1995 U.S. Dist. LEXIS at *11).[4]

In *Harding v. Time Warner, Inc.,* C-09 cv 1212, 2009 US Dist LEXIS 72851, *8-9 (S.D. Cal. Aug. 18, 2009), the court rejected the conclusory allegations that the defendant failed to "pay and properly calculate overtime," "keep accurate records of all hours worked by its employees," "provide all wages in a compliant manner," "provide uninterrupted Meal Periods," and "provide accurate Itemized Wage Statements." Despite alleging in the complaint that

---

[4] The court in *Zhong* also found fault with the overtime claim due to an internal conflict within the complaint regarding the hours that the plaintiff worked each week. *Zhong,* 498 F.Supp.2d at 630.

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

defendant had an improper rounding policy and practice which under-reported the amount of time worked by plaintiff, the court found that the plaintiffs allegations were "too generic and conclusory to satisfy the standard announced in *Twombly.*" *Id.* at 10. Accordingly, the court dismissed the entire complaint. *Id.* at *2-3, 11.

In *Jones v. Casey's Gen. Stores,* 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008), the defendants sought dismissal of an FLSA minimum wage claim. The court held that the following allegations were simply too conclusory to satisfy the pleading standard as described in *Twombly:* "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and over-time wages in violation of the FLSA" and "Defendant... regularly and repeatedly fail[ed] to compensate Plaintiffs and similarly situated individuals for all hours actually worked" and "Defendant ... fail[ed] to keep accurate time records to avoid paying them over-time wages and other benefits." The court in *Jones* stated: "[T]he Amended Complaint only provides generic, conclusory assertions of a right to relief and that "there [was] not, on the face of the Amended Complaint, a single *factual* allegation that would permit an inference that even one member of the Plaintiffs' collective has a 'right to relief above the speculative level.'" *Id.* at 1102-03 (emphasis in original). Accordingly, the court dismissed the FLSA minimum wage claim as "implausible on its face." *Id.* at 1103.

### ii.   Plaintiff's Conclusory Allegations Do Not State Plausible Claims for Relief.

After disregarding the conclusory allegations in the Complaint, the Court must next apply *Twombly's* plausibility standard. *See Iqbal,* 129 S.Ct. at 1950. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 570). "A claim has facial

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added) The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief." *Id.* (*quoting* Twombly, 550 U.S. at 557).

Here, the allegations in Plaintiff's Complaint barely recite the minimum legal elements of a claim, let alone provide the requisite factual content to state claims for relief that are plausible on their face.

### a.     The Claims for Overtime and Minimum Wage Under the FLSA

Plaintiff seeks to recover overtime compensation and unpaid minimum wage under the FLSA but has not alleged sufficient factual allegations to support such claim. The language of the FLSA's overtime compensation provisions "establish the elements that should be alleged in order to survive a motion to dismiss." *Zhong,* 498 F.Supp.2d. at 628. The requirements to state a claim for overtime compensation under the FLSA are very straightforward. Section 207(a) of the FLSA provides that "no employer shall employ any of his employees... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a).

> "[W]here the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, *the complaint should, at least approximately, allege the hours worked for which these wages were not received....* [A] claim under the FLSA to recover unpaid minimum or overtime wages *should indicate the applicable rate of pay and the amount of unpaid minimum or overtime wages due."*

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

*Zhong,* 498 F.Supp.2d at 628-29 (emphasis added) (explaining that merely alleging that plaintiff worked overtime is insufficient to survive a motion to dismiss).

Here, similar to the deficient pleadings considered (and rejected) by the courts in the *Acosta, Zhong* and *Harding* cases, the Complaint does not even allege the bare legal elements for an FLSA overtime claim and minimum wage claim, much less provide sufficient factual information showing Plaintiff is owed overtime and minimum wage compensation. These allegations fail to satisfy the bare-minimum standard for pleading a FLSA overtime wage claim and minimum wage claim as set forth in *Zhong. See*, specifically, those allegations listed in Section II.B.2.i. *supra*.

Further, Plaintiff seeks overtime compensation on the ground that he was misclassified as exempt. Compl., ¶ 19 ("Securities Brokers, including Plaintiff and members of the Class, have been wrongfully classified by Defendant, and are not exempt from the requirement of premium overtime pay."). The Complaint lacks sufficient factual content to make plausible the claim that Plaintiff was misclassified and specifically lacks any factual information regarding any of his or the Class members' job duties and responsibilities. Plaintiff's Complaint should, therefore, be dismissed in its entirety.

Plaintiff also seeks to represent "all current and former Securities Brokers of Defendant who are/were engaged in, or training to be engaged in, the business of selling Financial Products, and/or have taken or have trained to take registration examinations …," but provides no information about these alleged individuals. Compl., ¶4. The nationwide FLSA collective action allegations consist entirely of statements of law applicable to employers, recitations of the legal elements, and conclusory allegations of entitlement to overtime compensation. Compl., ¶¶5, 7, 8,

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

19, 20, 21, 30-40, 44, 45, 49-51.  See also the following conclusory allegations set forth in the

Complaint:

a.      References to "Securities Brokers" and definition of same. Compl., ¶¶2, 4, 8, 11, 14, 19;

b.      References to "Financial Products" and definition of same.  Compl., ¶2, 50.

c.      Definition of similarly situated persons: "all current and former Securities Brokers of Defendant who are/were engaged in, or training to be engaged in, the business of selling Financial Products, and/or have taken or have trained to take registration examinations." Compl., ¶4.

d.      References to the Class and definition of same.  Compl., ¶¶4, 5, 7, 20, 23, 30, 32, 33, 34, 35, 36, 37, 37.a., 37.d. -37.h., 40, 43, 45, 47, 50, 51.

e.      Definition of similarly situated members of the Class:  "are/were inside sales people, and/or trainees to become inside sales people, engaged in the sale of Financial Products on behalf of Defendant ..." Compl., ¶7.

f.      Reference to "the applicable class period."  Compl., ¶ 29.

g.      Paragraphs 30 through 40 in their entirety and labeled "Collective Action Allegations." Compl., ¶¶30-40.

*See Jones,* 538 F.Supp.2d at 1101-02 (dismissing wage claim as "implausible on its face"

because "where a plaintiff brings an FLSA claim 'for and [o]n behalf of himself... and other

employees similarly situated,' the complaint should indicate who those other employees are, and

allege facts that would entitle them to relief. (*quoting Zhong,* 498 F.Supp.2d at 628).  Although

the FLSA permits a plaintiff to bring an action of behalf of "other employees similarly situated,"

29 U.S.C. 216(b), the plaintiff "must, at least, provide a modest factual showing sufficient to

demonstrate that [she] and potential plaintiffs ... were victims of a common policy or plan that

violated the law." *Zhong,* 498 Supp.2d at 630 (internal quotations omitted); *see also Gonzalez v.*

*Hair Club for Men, Ltd., Inc.*, No. 6:06-cv-1762-Orl-28JGG, 2007 WL 1079291, at *3 (M.D.

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

Fla. Apr. 9, 2007) (denying plaintiff's request for certification of collective action based on finding that plaintiff had failed to present any evidence of a uniform corporate practice discouraging overtime pay, or of widespread wrongdoing).   In the instant matter, Plaintiff appears to make the conclusory allegations in his Complaint that he is somehow similarly situated with all "Securities Brokers," defined as:

> individuals who sold and/or marketed securities and other financial products ("Financial Products") sold by Defendant (defined herein), including but not limited to, employees with any one of the following job titles: (i)  Securities Broker, (ii)  Financial Advisor, (iii) Junior Level Financial Advisor, (iv)  Assistant Level Financial Advisor, (v) Financial Services Representative, (vi) Investment Representative, (vii) Investment Specialist, (viii) Personal Banker, (ix)  Salesperson, (x)  Junior Salesperson, and/or (xi) Financial Consultant, or any other analogous title, who are or were employed by National Securities Corporation …, or any other parent, subsidiary, related, or successor companies (collectively, the "Company") …"

Compl., ¶ 2.  Plaintiff makes no factual allegation as to how Plaintiff is similarly situated to these different positions.[5] The Complaint contains no factual allegations about Securities Brokers' job duties and responsibilities generally.  *Zhong*, 498 F. Supp.2d at 631 ("To the extent that Zhong is attempting to signal an effort to initiate a collective action certification by invoking the phrase similarly situated, Zhong has not met the standard … In fact, Zhong neither generally nor specifically names or references any other plaintiffs.").

Further, Plaintiff does not even refer to a specific policy or practice that applied to this group of individuals other than making conclusory allegations that:

> • "… Defendant has a policy and practice of refusing to pay overtime compensation to its Securities Brokers for the hours worked in excess of forty (40) hours per week." Compl., ¶44.

---

[5]   Even if Plaintiff were to make sufficient allegations to withstand a motion to dismiss regarding his collective action claims, he ultimately would not be entitled to certification of the class he purports to represent in light of a myriad of factors – including, but not limited to, the nature of the different positions listed and different supervision and other terms and conditions of employment within those positions.

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

- "Pursuant to Defendant's compensation policies, Plaintiff and members of the Nationwide Collective Class would not receive any compensation unless they finalized a sale of Defendant's financial Products, irrespective of the actual hours worked." Compl., ¶50.

Plaintiff should be made to specifically plead which policy or policies he relies upon. *Zhong*, 498 Supp. 2d at 631 (dismissing complaint, *inter alia*, because plaintiff failed to allege policy to which similarly situated employees were subject). Pursuant to *Iqbal*, Defendant should not be forced to open the door to costly, burdensome, and expensive nationwide discovery unless and until Plaintiffs have alleged sufficient facts showing this claim is plausible. The nationwide collective action overtime claim under the FLSA therefore should be dismissed.[6]

### C.    The Court Should Strike Certain Portions of the Complaint.

Rule 12(f) provides, in pertinent part, "[u]pon motion made by a party before responding to a pleading ... the court may order stricken from any pleading ... any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). *See also Brown v. Seebach III*, 763 F.Supp. 574, 583 (S.D. Fla. 1991) ("A motion to strike under Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent or slanderous matters in any pleading.") (*citing U.S. v. Marisol, Inc.*, 725 F. Supp. 833 (1989)). A motion to strike is appropriate if the subject allegations "have no possible relation to the controversy and may cause prejudice to one of the parties." *Lehman Brothers Holdings, Inc. v. Hirota*, 2007 WL 1471690, *7 (M.D. Fla. May 21, 2007).

---

[6] Even before *Twombly*, courts recognized that class claims can be dismissed based upon insufficient pleadings. *See Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) (Where "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims," courts may address class certification issues in a 12(b)(6) motion); *Earnest v. GMC*, 923 F. Supp. 1469, 1473-74 (N.D. Ala. 1996) (granting motion to dismiss class allegations, concluding that "the proposed class definition is too vague and amorphous to be reasonably ascertainable").

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

Here, the following portions of the Complaint must be stricken because they are immaterial, impertinent, improper and/or seek relief that is not recoverable as a matter of law:

a. Reference to "DOES 1 through 10, inclusive" (Compl., caption),  reference to " … Plaintiff alleges that at all relevant times each defendant, including DOES 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of each relationship" (Compl., ¶3), and reference to "or any other parent, subsidiary, related, or successor companies. Compl., ¶2.

Plaintiff fails to define who the Defendant is specifically.  Instead, Plaintiff includes complicated references such as "alter ego" and "co-conspirator" and further includes a lengthy list of who defendant may be, including DOES 1 through 10.  These references should be stricken as they serve only to confuse the trier of fact, complicate the issues, and compound the conclusory allegations throughout the Complaint.

b. Reference to "knowing and willful." Compl., ¶21.

Plaintiff alleges in paragraph 21 that "Defendant's failure to pay overtime was knowing and willful."  Yet, Plaintiff fails to allege any facts to support this allegation and is purely conclusory.  Accordingly, the reference to "knowing and willful" should be stricken.

c. Reference to "during the statutory period covered by this Complaint."  Compl., ¶ 26.

Plaintiff fails to define the statutory period and therefore, this reference should be stricken.

d. Paragraph 29 in its entirety referencing National Holdings Corporation, "the applicable class period," and National Securities as "an entity of unknown form and business." Compl., ¶29.

Plaintiff has filed this action against National Securities Corporation, not National Holdings Corporation.   Accordingly, any reference to any other entity, e.g., National Holdings Corporation, should be stricken.  Further, Plaintiff refers to Defendant as "an entity of unknown form and business."  It is unclear what Plaintiff means by this statement or why it is even necessary.  This allegation is immaterial and impertinent and should be stricken.  Furthermore, Plaintiff refers to the applicable class period but fails to define what the class period is. Accordingly, this allegation should, likewise, be stricken.

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

e.   Reference to "the above-referenced laws." Compl., ¶6.
It is unclear to which law Plaintiff is referring. Accordingly, this reference is
vague and ambiguous and should be stricken. Further, if Plaintiff is referring to
any law other than the FLSA, it must be stricken as the FLSA provides for the
exclusive remedy for failure to pay overtime wages. *See Saunders v. Hunter*, 980
F. Supp. 1236 (M.D. Fla. 1997).

f.   Reference to "applicable employment laws." Compl., ¶¶1, 22, Prayer for Relief
Section, p.10, §A.

Any reference to any general employment law must be stricken as irrelevant and
impertinent. *See Saunders v. Hunter*, 980 F. Supp. 1236 (M.D. Fla. 1997) ("the
Fair Labor Standards Act provides for the exclusive remedy for failure to pay
overtime wages …").

g.   Reference to "and/or in excess of eight hours per day without any premium for
overtime pay as required by law." Compl., ¶¶7, 20.

The FLSA requires overtime pay at a rate of not less than one and one-half times
an employee's regular rate of pay after 40 hours of work in a workweek. If an
employee's total hours actually worked in a workweek are not more than forty, the
FLSA overtime rules are not triggered at all. Accordingly, no FLSA overtime pay
is due. Plaintiff's allegations, therefore, that he is entitled to overtime pay for
work in excess of eight hours per day should be stricken.

h.   Paragraph 16 in its entirety:   "Plaintiff and members of the Class are not
administratively exempt because, among other things, their primary duty is the
sale of securities." Compl., ¶16.

Plaintiff misstates the law. Registered representatives in the financial services
industry qualify for the administrative exemption under section 13(a)(1) of the
FLSA and 29 C.F.R. Part 541. Accordingly, this paragraph should be stricken in
its entirety.

i.   Paragraph 17 in its entirety: "Plaintiff and members of the Class are not exempt
under the commissioned sales exemption because this exemption is unavailable to
Defendant due to the fact that Defendant lacks a retail concept. Business that
lacks a retail concept under the FLSA cannot claim the commissioned sales
exemption," (Compl., ¶17) and Paragraph 18 in its entirety: "Plaintiff and the
Class do not qualify for the professional exemption described in the Act …
because securities Brokers are not employed in a bona fide professional capacity,
requiring a specific degree in a field of science or learning." Compl., ¶18.

These allegations are superfluous, impertinent and immaterial. These allegations
are unnecessarily complicated and will cause the trier of fact to draw unwarranted

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

inferences at trial.   Accordingly, these paragraphs should be stricken in their entirety.

j.   Reference to "If these records are unavailable, members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)." Compl., ¶23.

Plaintiff misstates the law as set forth in *Anderson*, and therefore, this reference should be stricken. *See Anderson*, 328 U.S. at 688 (" ... an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence o show he amount and extent of that work as a matter of just and reasonable interest ." ).   No reference to "solely" as it relates to the testimony of a plaintiff or members of the Class throughout the entire *Anderson* case cited by Plaintiff Anish.

k.   Paragraph 48 in its entirety: "Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein." Compl., ¶ 48.

This paragraph should be stricken in its entirety as it is repugnant and inconsistent.   This paragraph incorporates all of the allegations contained in the previous paragraphs of the Complaint into Count Two.   "The essentials of a cause of action or defense should be stated without redundancy.   Redundancy is the allegation of more than is necessary to a simple and concise statement of the essential facts of a cause of action or defense, and includes ... unnecessary repetition, the detailed statement of evidential matters, useless verbiage, or undue prolixity." 71 C.J.S. Pleading § 76 (June 2009).

l.   "Prayer for Relief Section, p.10, §B, in its entirety, which seeks an Order designating the Class as a collective action. Compl., p.10, §B.

As more fully set forth *supra*, Plaintiff makes conclusory allegations related to the Class, the definition of Class, and how this action should be considered a collective action.   Accordingly, this Prayer for Relief Section should be stricken.

m.   "Prayer for Relief Section, p.10, §§E, G, J in their entirety, seeking an Order imposing a Constructive Trust, an award of punitive damages, and equitable restitution.

29 U.S.C. § 216(b) specifically provides for liquidated damages, attorneys' fees and costs.   However, there is no provision in the FLSA for the award of punitive damages, equitable restitution or a constructive trust. *See* 29 U.S.C. § 216(b); *see also Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000) (holding punitive damages are not recoverable under the FLSA, and noting: "In minimum wage and overtime wage cases, plaintiffs are limited to recovering 'their unpaid

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

minimum wages, or their unpaid overtime compensation ... and ... an additional equal amount as liquidated damages' because those are the only damages necessary to compensate the aggrieved employee.").

## III.   CONCLUSION

Defendant's motion seeks to prevent "sprawling, costly, and hugely time-consuming" discovery and litigation with respect to claims for which Plaintiff has alleged mere formulaic legal conclusions that are woefully insufficient under the pleading standard articulated in *Twombly* and *Iqbal*. Plaintiff simply cannot maintain, on his own behalf or on behalf of an alleged collective action, his claims because there are insufficient factual allegations to support such claims. Furthermore, numerous portions of the Complaint should be stricken. Defendant respectfully requests that the Court grant its motion and order all further relief in favor of Defendant that the Court finds appropriate.

Accordingly, based upon the arguments set forth herein, Defendant seeks an Order granting its Motion , attorney's fees and costs, and such other and further relief as this Court deems just and proper.

Respectfully submitted,


/s/  Antoinette Theodossakos
Robert G. Haile, Jr., Esq.
Florida Bar No. 292796
Antoinette Theodossakos, Esq.
Florida Bar No. 178608
**HAILE, SHAW & PFAFFENBERGER, P.A.**
660 U.S. Highway One, Third Floor
North Palm Beach, FL  33408
Phone: (561) 627-8100
Fax: (561) 622-7603
Email:  rhaile@hsplaw.com
atheodossakos@hsplaw.com
*Counsel for National Securities Corporation*

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/  Antoinette Theodossakos
Robert G. Haile, Jr., Esq.
Florida Bar No. 292796
Antoinette Theodossakos, Esq.
Florida Bar No. 178608
**HAILE, SHAW & PFAFFENBERGER, P.A.**
660 U.S. Highway One, Third Floor
North Palm Beach, FL  33408
Phone: (561) 627-8100
Fax: (561) 622-7603
Email:  rhaile@hsplaw.com
atheodossakos@hsplaw.com
*Counsel for National Securities Corporation*

*Evan Anish v. National Securities Corporation, et al.*
Case No. 10-80330-CIV-MARRA
Motion to Dismiss and Motion to Strike

## SERVICE LIST

**Evan Anish v. National Securities Corporation, et al.**
**CASE NO. 10-80330-CIV-MARRA**
**United States District Court, Southern District of Florida**

Christopher Marlborough, Esq.
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: cmarlborough@faruqilaw.com
**Method of Service:** CM/ECF
*Counsel for Plaintiff*


Emily C. Komlossy, Esq.
FARUQI & FARUQI, LLP
3595 Sheridan Street, Suite 206
Hollywood, FL 33021
Telephone: (954) 239-0280
Facsimile: (954) 239-0281
Email: ekomlossy@faruqilaw.com
**Method of Service:** CM/ECF
*Counsel for Plaintiff*


Kendall S. Zylstra, Esq.
Email: kzylstra@faruqilaw.com
Gerald D. Wells III, Esq.
Email: jwells@faruqilaw.com
Stephen E. Connolly, Esq.
Email: sconnolly@faruqilaw.com
FARUQI & FARUQI, LLP
2600 Philmont Avenue, Suite 324
Huntingdon Valley, PA 19006
Telephone: (215) 914-2460
Facsimile: (215) 914-2462
**Method of Service:** CM/ECF
*Counsel for Plaintiff*