UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80330-CIV-MARRA/JOHNSON

EVAN ANISH, individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

NATIONAL SECURITIES CORPORATION,
a foreign corporation and DOES 1 through 10,
inclusive,

        Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant National Securities Corporation's Motion to Dismiss and Motion to Strike Immaterial, Impertinent, and Improper Portions of Plaintiff's Complaint (DE 13). The motion is fully briefed and ripe for review. The Court has carefully considered the briefing,[1] the hearing record, and is otherwise fully advised in the premises.

**I.    BACKGROUND**

Plaintiff Evan Anish filed this Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime and minimum wages against Defendant National Securities Corporation. (Compl. ¶ 5). Defendant is a broker-dealer firm that

---

[1] The Court notes that Defendant's Reply memorandum of law is largely a verbatim copy of its Motion to Dismiss memorandum. Defendant is cautioned that future briefing should comply with the Local Rules, specifically Local Rule 7.1(c), which provides that "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law."

employs hundreds of securities brokers nationwide, including in Palm Beach County, Florida. (Compl. ¶¶ 26, 29). Plaintiff worked for Defendant as a securities broker selling financial products. (Compl. ¶¶ 4, 7, 26).

The Complaint alleges that Plaintiff was a non-exempt employee under the FLSA who regularly worked over forty hours per week for Defendant. (Compl. ¶¶ 7, 15, 45). Plaintiff further alleges that Defendant failed to compensate him at the statutory rate of time and one-half for the hours in excess of forty, in violation of the FLSA. (Compl. ¶¶ 7, 45). The Complaint also alleges that Defendant's commission-based compensation policy, which did not account for actual hours worked, resulted in Plaintiff receiving compensation below the federal minimum wage, also in violation of the FLSA. (Compl. ¶¶ 5, 49-51). Finally, the Complaint alleges that Defendant, a securities brokerage firm with offices nationwide, is an employer engaged in interstate commerce. (Compl. ¶¶ 29, 42).

Defendant moves to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (DE 13). Defendant also moves to strike various allegations from the Complaint under Rule 12(f). (DE 13).

## II.     Motion to Dismiss

### A.     *Legal Standard*

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

**B.     Discussion**

Defendant argues that the Complaint's allegations are conclusory and devoid of factual support for either of Plaintiff's FLSA claims, and are therefore "woefully insufficient under the pleading standard articulated in *Twombly* and *Iqbal*."  Def.'s Mot. at 2, 22.  While the Complaint's factual allegations are not overly detailed, the Court finds that these allegations are sufficient to state a claim under the FLSA.

"Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. Nov. 4, 2008).  "The

elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.*; *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (explaining that to establish a *prima facie* FLSA case, an employee must demonstrate (1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages); *Powell v. Morton Plant Mease Health Care, Inc.*, 174 Fed. App'x 520, 521 (11th Cir. Apr. 4, 2006) (same).

Here, Plaintiff has alleged that he was an employee covered by the FLSA who worked for Defendant, that Defendant failed to pay him time-and-a-half wages for his overtime hours, that Defendant failed to pay him minimum wages, and that Defendant was an enterprise engaged in interstate commerce. These allegations are sufficient to give Defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, and thus are sufficiently pled.

In so holding, the Court rejects Defendant's argument that Plaintiff must plead the precise number of hours worked and applicable pay rates to state an FLSA claim. Def.'s Mot. at 2-3. The Complaint alleges that Plaintiff worked more than forty hours per week and was not compensated overtime pay or minimum wages. A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation . . . under FLSA does not require more." *Labbe*, 319 Fed App'x at 764. To the extent that Defendant seeks Plaintiff's and potential collective-action members' exact hours and wages, discovery can provide Defendant with such data and the lack of this information is not grounds for dismissal at this stage.

The Court also rejects Defendant's argument that Plaintiff's collective-action allegations are conclusory and fail to establish that Plaintiff is similarly situated to other members of the proposed class. Def.'s Mot. at 15-17. Such arguments are premature at this stage. Plaintiff has not yet asked the Court to conditionally certify a collective action. Until such time, Plaintiff's allegation that similarly situated employees were denied overtime compensation and minimum wages is sufficient to put Defendant on fair notice that Plaintiff may seek conditional certification of a collective action. Defendant may reassert these same arguments in its motion in response to any future motion to conditionally certify a collective action or in a motion to decertify a collective action.

Defendant last argues that the Complaint should be dismissed because Plaintiff failed to file a consent to join this collective action, as required for all parties to an FLSA collective action under 29 U.S.C. § 216(b). Plaintiff, however, has since filed his written notice consenting to become a party member. (DE 14). While the FLSA requires that all plaintiffs in a collective action file a written consent to opt-in, the statute does not mandate that such consent be filed contemporaneously with the complaint. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Thus, so long as the required consent is filed at some point during the preliminary proceedings, the Court sees no reason why the FLSA collective action cannot proceed. The court's reasoning in *Macias v. IK Retail, Inc.*, Case No. 06-20234, 2007 WL 61914 (S.D. Fla. Jan. 5, 2007), is instructive here:

> Defendant Benepay argues that "Plaintiff's Amended Complaint must be dismissed for failure to file written consent forms as required to initiate an 'opt-in' collective action under the FLSA." . . . Plaintiff correctly notes that the Eleventh Circuit has not

> squarely addressed the issue of whether named plaintiffs in a FLSA opt-in action must submit written consent forms. Plaintiff cites case law from this District that finds that "named plaintiffs do not have to opt-in." *Rodriquez v. Farm Stores Grocery, Inc.*, Case No. 02-22451-JORDAN (S.D. Fla. January 23, 2003). Plaintiff also argues that, "in the interests of judicial economy," she has filed written consent to opt-in. This Court agrees that in light of this fact, and after carefully reviewing the relevant case law, that Defendants have failed to demonstrate why this case should be dismissed.

*Id.* at *1-2; *cf. Lira v. Arrow Air, Inc.*, Case No. 05-23273-LENARD, Order Granting Defendant's Motion to Dismiss (Apr. 17, 2006) (Def.'s Mot. Ex. A) (granting plaintiffs leave to amend to file first written consent, thereby permitting plaintiffs to continue prosecuting FLSA collective action). Because Plaintiff has now filed his written consent, his initial failure to do so is not grounds to dismiss the Complaint.

Finally, the Court notes that while the Complaint adequately pleads that Plaintiff was employed by Defendant, it does not provide the date or specific location of employment. *See* Compl. ¶ 26 ("Plaintiff Anish . . . was a Securities Broker employed by Defendant in this district during the statutory period covered by this Complaint."). Accordingly, while Plaintiff's allegations are sufficient to state a claim under the FLSA, the Court believes that Plaintiff should provide a more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, regarding the date and location of his employment for Defendant. Plaintiff is therefore granted leave to amend to include this information.

**III.    Motion to Strike**

Defendant next moves to strike eighteen allegations from the Complaint under Rule 12(f) of the Federal Rules of Civil Procedure. Under Rule 12(f), a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Motions to

strike, however, are generally disfavored by courts.  *See, e.g.*, *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991); *Westfield Ins. Co. v. Northland Ins. Co.*, No. 08-80748, 2008 WL 4753994, at *2 (S.D. Fla. Oct. 28, 2008).  This is because striking a pleading is a "drastic remedy to be resorted to only when required for the purpose of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal quotation marks omitted);[2] *Exhibit Icons, LLC v. XP Cos., LLC*, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009).

Defendant first argues that paragraphs 2, 3, 6, 17, 18, 26, 29 and Prayer for Relief Section B must be stricken in whole or in part because they contain allegations that are "conclusory," "vague and ambiguous," will "confuse the trier of fact," will "complicate the issues," or contain undefined terms.  Def.'s Mot. at 19-21.  None of these grounds are valid bases to strike under Rule 12(f), and the Court therefore denies Defendant's request to strike these portions of the Complaint.

Next, Defendant argues that paragraphs 7, 16, 20, 21 and Prayer for Relief Sections E, G, and J should be stricken in whole or in part because they are not supported by facts, are insufficient to state a claim for the requested relief, or mischaracterize the applicable law.  Def.'s Mot. at 19-22.  Again, these grounds are not valid bases to strike under Rule 12(f).  Defendant has had the opportunity to raise many of these same points in its accompanying motion to dismiss under Rule 12(b)(6).  Accordingly, the Court denies Defendant's request to strike these allegations under Rule 12(f).

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

Defendant also argues that paragraph 48 "should be stricken in its entirety as it is repugnant and inconsistent." Def.'s Mot. at 21. Paragraph 48 reads, "Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein." While Defendant's repugnance argument could fall under Rule 12(f)'s provision for striking "scandalous" material, the Court does not agree that this paragraph's generalized incorporation-by-reference statement can be characterized as scandalous matter. The Court therefore rejects Defendant's request to strike paragraph 48.

Finally, Defendant argues that paragraphs 1, 17, 18, 22, 29 and Prayer for Relief Section A should be stricken in whole or in part as immaterial and impertinent. These allegations refer to the laws allegedly applicable here, the parties involved, and Plaintiff's and class members' nonexempt status under the FLSA. Such allegations are not "redundant, immaterial, [or] impertinent," as required for striking under Rule 12(f). The Court thus denies Defendant's request to strike these portions of the Complaint.

Defendant has failed to demonstrate that the "drastic remedy" of striking these allegations is "required for the purpose of justice." *Augustus*, 306 F.2d at 868. Accordingly, the Court denies Defendant's Motion to Strike.

**IV.    Conclusion**

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that

1. Defendant National Securities Corporation's Motion to Dismiss (DE 13) is **DENIED**.

2. Plaintiff is granted leave to amend the Complaint in accordance with the directives of this Order within ten (10) days of the date of entry of this Order.

3.	Defendant National Securities Corporation's Motion to Strike Immaterial, Impertinent, and Improper Portions of Plaintiff's Complaint (DE 13) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 15th day of October, 2010.

                                              KENNETH A. MARRA
                                              United States District Judge

Copies to:
Counsel of Record