UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80330-CIV-MARRA

EVAN ANISH, individually, and
on behalf of all others similarly situated,

    Plaintiff,

vs.

NATIONAL SECURITIES CORPORATION, a
Foreign Corporation, and DOES 1 through 10,
inclusive,

    DefendantS.
_____/

## OPINION AND ORDER

THIS CASE is before the Court upon Plaintiff's Motion for Conditional Certification and Judicial Notice Pursuant to Section 216(b) of the Fair Labor Standards Act (DE 66). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. Background

Defendant National Securities Corporation ("Defendant"), a wholly-owned subsidiary of National Holdings Corporation, is a financial services organization that offers full retail brokerage services to thousands of high net worth and institutional clients nationwide. DE 66-2, September 30, 2010, 10-K Filing of National Holdings Corporation ("10-K Filing") at p. 4). Defendant describes its relationship with its brokers as follows:

> Our brokers operate primarily as independent contractors. An independent contractor registered representative who becomes an affiliate of a Broker Dealer Subsidiary establishes his own office and is responsible for the payment of expenses associated with the operation of such office, including rent, utilities,

>furniture, equipment, stock quotation machines and general office supplies.  The independent contractor registered representative is entitled to retain a higher percentage of the commissions generated by his sales than an employee registered representative at a traditional employee-based brokerage firm.

Id.

Plaintiff Evan Anish, a former employee of Defendant, worked for Defendant as a registered representative from approximately June 2009 through January 15, 2010.  Amended Complaint ("Am. Compl.") ¶ 29.  Plaintiff brings a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on "behalf of himself and all other similarly situated individuals employed by Defendant."  Am. Compl. p. 1.  The Complaint specifically alleges that Plaintiff, a non-exempt employee under the FLSA who regularly worked over forty hours per week for Defendant, Am. Compl. ¶¶ 7, 15, 46, was not compensated at the statutory rate of time and one-half for the hours in excess of forty, in violation of the FLSA.  Am. Compl. ¶ 48.  The Complaint also alleges that Defendant's commission-based compensation policy, which did not account for actual hours worked, resulted in Plaintiff receiving compensation below the federal minimum wage, also in violation of the FLSA. Am. Compl. ¶¶ 51-54.  Finally, the Complaint alleges that Defendant is an employer engaged in interstate commerce.  Am. Compl. ¶45.

Defendant initially moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike certain allegations in the Complaint pursuant to Federal Rule of Civil Procedure 12(f).  DE 13.  The Court ultimately denied Defendant's motion to dismiss, but did give Plaintiff leave to amend his complaint to specify the location and dates associated with his employment.  DE 43.  Plaintiff subsequently filed an Amended Complaint on October

25, 2010.  DE 45.  Also, Plaintiff and another registered representative, Richard Darquea, have filed Notices of Consent to Join as Party Plaintiffs.  DEs 16, 41.

Plaintiff now moves the Court for: (1) a conditional certification of a nationwide collection action compromised of a class of "Registered Representatives"; (2) the issuance of Court-authorized notice to members of the class; and (3) the production of the names and addresses of the class members for the effective dissemination of notice.  Motion at 1.  In moving for a conditional certification, Plaintiffs contend that the members of the class are "similarly situated" based on the fact that all registered representatives are: (1) governed through a uniform contract, (2) classified as independent contractors; (3) uniformly paid on a commission basis; and (4) share the same job duties.  Motion at 3-5.  In support of his motion Plaintiff attaches the affidavits of two former employees, Richard Darquea and Thomas Grassi, both of whom claimed to have "regularly worked in excess of 40 hours per week" and that other registered representatives did so as well.  DE 66-2 at Ex. G, ¶ 8; Ex. I, ¶ 8.  Plaintiff also filed Defendant's answers to interrogatories that confirms that "Defendant's Securities Brokers" signed a "Registered Representative Independent Contractor Agreement," also filed by Plaintiff.  DE 66-2, Ex. C at ¶ 5.

In opposing this motion, Defendant has provided the affidavit of Jay Israel, the General Counsel for Defendant.  DE 71-1, Israel Affidavit ("Israel Aff.") ¶ 1.  Mr. Israel averred that other brokerage firms have chosen an employee model that enables the firm to exert much greater control over its registered representatives, but Defendant chose to utilize an independent contractor model to give the representatives greater flexibility to serve their clients.  Israel Aff. at ¶¶ 5-6.  Each registered representative is not required to keep appointments arranged by

Defendant, and in fact "may refuse to service any customer at his or her discretion." Id. at ¶¶ 17-18.  Mr. Israel noted that Defendant does not require the representatives to attend any training sessions other than those required by law, produce a minimum quota of transactions, to keep fixed hours, or to be required any specific schedule at all.  Id. at ¶ 19.  Further, Mr. Israel stated that "All accounts introduced to [Defendant] by the independent representative are the accounts of the independent representative.  Upon termination of the independent contractor agreement, [Defendant] does not restrict the independent representative's ability to solicit clients or transfer accounts.  Id. at ¶¶ 20-21.

Defendant also filed various documents detailing Plaintiff's employment with Defendant.  Plaintiff was associated with Defendant from June 23, 2009, through January 27, 2010, when he resigned.  See DE 71-2; 71-3.  According to Plaintiff's deposition, he spent 45 to 50 hours a week studying for licensing exams during his first month employed by Defendant.  DE 74-1, pp. 22-23.  During his second month of employment, Plaintiff engaged exclusively in marketing services because he was not yet licensed as a broker.  Id. at p. 26.  Through their Motion, Defendant's also allege that Plaintiff never had any clients during his time employed by Defendant.[1]

## II. Discussion

The FLSA provides that an action for overtime compensation "may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b) (emphasis added).  The United States Court of Appeals

---

[1] Defendant's cite to page 46 of Plaintiff's deposition (DE 74-1) to support the proposition that he had no clients, but that page does not support that contention.  See Response at p. 3; DE 74-1 at 46.

for the Eleventh Circuit has outlined a two-tiered procedure to guide district courts in deciding whether plaintiffs are "similarly situated" for purposes of class certification under § 216(b). Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001); see Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 (11th Cir. 2003) ( "Hipp outlined a two-tiered procedure that district courts should use in certifying collective actions under § 216(b) . . . "). At the "notice stage" of the two-tiered procedure, a court's determination is "usually based only on the pleadings and any affidavits which have been submitted." Hipp, 252 F.3d at 1218 (quoting Mooney v. Aramco Servs., Co., 54 F.3d 1207, 1213-14 (5th Cir.1995)). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Id. In addition, before certifying an action as a collective action under § 216(b), the district court "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in'. . . ." Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir.1991). The second stage of the two-tiered procedure usually occurs at the end of discovery upon the defendant's motion for decertification of the class. Hipp, 252 F.3d at 1218. At the second stage, the court has much more information on which to base its decision and makes a factual determination on the similarly situated question. Id.

Following the Eleventh Circuit's directive, this Court will consider the request for court-supervised notification under the first stage of the two-tiered procedure outlined in Hipp. Hence, the Court will look to the pleadings and affidavits on record to determine whether there are substantial allegations showing that the named Plaintiffs are similarly situated to the putative class members. In addition, the Court will determine whether there is evidence in the record

5

indicating that other individuals wish to join this lawsuit.

Plaintiffs' evidence is sufficient to satisfy the first tier analysis articulated in Hipp and warrants a conditional certification of a representative class. The affidavits of both registered representatives assert that they had the same primary duties and responsibilities of selling financial products and soliciting new clients. In addition, they all allege that they regularly worked in excess of 40 hours per week, but Defendant did not compensate them for the hours worked in excess of 40 hours per week.

At this stage of the proceeding the question is not whether the agreement reached between Defendant and the putative class constitutes a violation of the FLSA; rather, it is whether members of the putative class are "similarly situated." Plaintiff has set forth evidence to establish that hundreds of individuals are "registered representatives" employed by Defendant in the last three years. Through Defendant's own admissions, each of these individuals signed the same (or substantially the same) "Registered Representative Independent Contractor Agreement" that established their relationship with Defendant as independent contractors. After reviewing the evidence and the pleadings, the Court finds that the Complaint, in conjunction with the declarations, present adequate evidence that others desire to join this action. Reyes, 2005 WL 4891058, at * 6; see also Guerra v. Big Johnson Concrete Pumping, Inc., No. 05-14237-CIV, 2006 WL 2290512, at * 4 (S.D. Fla. May 17, 2006) (the affidavit of at least one other co-worker raises the plaintiff's contention that others desire to join the suit beyond mere speculation).

Defendant challenges the sufficiency of the affidavits of Grassi and Darquea as "wholly inadequate" because they were only employed in a single location: Boca Raton, Florida. Defendant claims that each of its dozens of locations are operated differently, run by different

managers, and involve a varying rate of pay that is negotiated with each of the hundreds of registered representatives individually. The Court does not find any of these arguments to be persuasive. The parties do not dispute that each of the putative class members had to sign the same agreement and would be subject to the same policy: namely treating the registered representatives as independent contractors as opposed to employees. This policy, the Court concludes, is sufficient to satisfy the "fairly lenient standard" at the conditional certification stage. Hipp, 254 F.3d at 1218.

Moreover, engaging in the individualized inquiry proposed by Defendant requires the Court to indulge in a detailed fact finding determination on the merits, which is improper at this stage of the litigation. See Carmody v. Florida Center For Recovery, Inc., No. 05-14295-CIV, 2006 WL 3666964, at *4 (S.D. Fla. 2006); see also Leuthold v. Destination America, 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class."); Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the individual plaintiffs' disparate factual and employment settings, as well as the various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery.").

In sum, the declarations, notices of consent to join, and other record evidence submitted in this stage of the litigation satisfy the first stage of the Hipp two-tiered procedure by demonstrating the existence of similarly situated employees who may desire to opt into this action. Hence, the Court is satisfied that notice to potential opt-in class members is appropriate

in this case.

    Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)     Plaintiff's Motion for Conditional Certification and Judicial Notice Pursuant to Section 216(B) of the Fair Labor Standards Act (DE 66) is **GRANTED**.

2)     The Court will allow notice to and opportunity to opt-in to the following collective class:

**All registered representatives who were employed by Defendant, National Securities Corporation, within the three (3) year period from consenting to be included in this collective action**.

3)     The parties shall confer and attempt to agree to a proposed notice to the collective class members and shall file it on the docket within ten (10) days of the date of this Order. The Court instructs the parties to confer and make every attempt to reach a consensus on the language of the notice prior to requesting Court intervention. If the parties are unable to agree on a proposed notice, Plaintiffs shall file a motion for approval of their proposed notice within five (5) days of the deadline for the joint proposed notice and Defendants shall file a response to Plaintiffs' proposed notice within five (5) days of service.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of May, 2012.

                                                              _____
                                                              KENNETH A. MARRA
                                                              United States District Judge