UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EVAN ANISH, individually and on behalf of
all others similarly situated,

CASE NO. 10-80330-CIV-MARRA

Plaintiff,

vs.

NATIONAL SECURITIES CORPORATION,
a Foreign corporation and DOES 1 through 10,
inclusive,

Defendants.
_____/

## DEFENDANT'S OBJECTIONS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF APPROVAL OF FORM OF NOTICE

COMES NOW, National Securities Corporation, (hereinafter "defendant") and hereby submits its Objections and Response in Opposition to Plaintiff's Motion and Incorporated Memorandum of Law In Support of Approval of Form of Notice, pursuant to the applicable Federal Rules of Civil Procedure, and states as follows:

### PRELIMINARY STATEMENT

On June 26, 2012, plaintiff Evan Anish ("plaintiff"), through his counsel, submitted his proposed notice to be sent to registered representatives who may be affected by the pendency of this Fair Labor Standards Act ("FLSA") collective action. While the parties were able to reach agreement on a number of issues related to the notice, there are five principal areas which the parties do not agree, and therefore, plaintiff's proposed notice, order, and envelope should not be adopted by this Court. As set forth in this Memorandum of Law and objections, the five areas of disagreement are as follows: (1) the length of the notice period; (2) whether undersigned

counsel's name and contact information should be included in the proposed form of notice, and whether plaintiff's counsel can provide legal advice to potential collective action members who contact them; (3) whether potential collective action members will be responsible for costs; (4) plaintiff's proposed order is not sufficiently detailed and many reasonable requirements of plaintiff's counsel are absent; and (5) plaintiff's proposed envelope is inappropriate as the statement on its face of the envelope is misleading and suggests that the judicial system is urging potential opt-in plaintiffs to join the class. Defendant's proposed Notice of Pendency of Collective Action Lawsuit Against National Securities Corporation ("defendant's notice") and proposed order are attached hereto as Exhibits **A** and **B**. Further, for the Court's convenience, defendant has identified and highlighted the several areas of disagreement in plaintiff's form of notice attached hereto as Exhibit **C**.

## FACTS

Defendant is an international full service independent brokerage firm founded in 1947 in Seattle, Washington. Defendant provides a broad range of securities brokerage and investment services, as well as corporate finance and investment banking services to corporations, businesses, and individuals. Currently, there are over 500 registered representatives affiliated with defendant, operating in over seventy locations throughout the United States and Europe. Defendant is a member of FINRA. FINRA is the largest independent regulator for all securities firms doing business in the United States. FINRA was created in July 2007 through the consolidation of the National Association of Securities Dealers and the member regulation, enforcement and arbitration functions of the New York Stock Exchange.

Defendant's representatives are primarily independent contractors who operate their business with freedom and flexibility in advising their clients. Defendant does not finance,

control, or direct its independent representatives in their marketing or the solicitation of sales of securities, or as to the results to be accomplished by the work, or as to the details and means by which the result is accomplished, except that defendant does perform supervisory overview required by the SEC and FINRA. All independent representatives execute an independent contractor agreement which sets forth the understanding of the working relationship between the independent representative and defendant. Independent representatives at defendant assume the responsibility of running their brokerage practice and operating and managing their business.

## ARGUMENT

A. **Plaintiff's Proposed Notice Is Inappropriate**

1. **The Length of the Notice Period**

While plaintiff sought a 120 notice period in his motion for conditional certification, plaintiff has agreed to a 60 day notice period as requested by counsel for defendant. Indeed, plaintiff conceded "such a notice period is common place in the Eleventh Circuit. *See, e.g., Dieujuste*, 2007 U.S. Dist. LEXIS 100531, at *11 (ordering a 60 day notice period); *Clincy v. Galardi South Enterprises, Inc.*, No. 09-cv-2082, 2010 U.S. Dist. LEXIS 22796, *15 (N.D. Ga. Mar. 12, 2010) (approving notice with 60 day notice period)." Pl. Motion, p.6. [DE 82]. *See also Garrison v. Chuck, Carol & Company, Inc.*, 2007 WL 1106128 (M.D. Fla. 2007) (approving notice with 60 day notice period) and *Gutescu v. Carey International, Inc.*, 2003 WL 25586749 (S.D. Fla. 2003) (approving notice with 30 day notice period). Plaintiff suggests that his agreement to a 60 day notice period is a compromise, yet, it is not. The law is clear that a 60 day notice period is recognized and commonly used in the Eleventh Circuit and appears to be standard in other jurisdictions as well. *See*, for example, *Bennett v. Advanced Cable Contractors, Inc.*, 2012 WL 1600443 (N.D. Ga.) (approving notice with 60 day notice period);

*Camesi v. University of Pittsburgh Medical Center*, 2009 WL 1929873 (W.D. P.A. 2009) (approving notice with 60 day notice period); and *DeMarco v. Northwestern Memorial Health Care et al.*, 2011 WL 3510905 (N.D. Ill. 2011) (approving notice with 60 day notice period). Plaintiff further requests that in addition to the 60 day notice period, a reminder notice be sent ten days prior to the expiration of the opt-in period. The reminder notice appears to be unprecedented and is one more opportunity for solicitation. Defendant submits the reminder notice has the appearance that the judicial system is urging potential opt-in plaintiffs to join the class. Accordingly, no such reminder notice should be allowed, and potential opt-in plaintiffs should be provided only 60 days to opt-in.

### 2. Defense Counsel's Name and Contact Information Should Be Included, and Counsel Should Not Be Permitted to Provide Legal Advice

"It is well settled that district courts have the power to discipline attorneys who appear before them for violation of the rules of professional conduct. *Hamm v. TBC Corp.*, 345 F. App'x 406, 410 (11th Cir. 2009) (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))." *Bennett v. Advanced Cable Contractors*, 2012 WL 1600443 (N.D. Ga. 2012). Rule 4-4.3 of the Rules of Professional Conduct of the Rules Regulating the Florida Bar, states, in pertinent part, "The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel." Rule 4-7.4(a) provides, in pertinent part, "… a lawyer shall not solicit professional employment from a prospective client with whom the lawyer has no family or prior professional relationship, in person or otherwise, when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain." As the Supreme Court discussed in *Gulf Oil Company v. Bernard*, 452 U.S. 89, 99-101 (1981), there is potential for abuse in the collective action notification process for solicitation amounting to barratry.

      a. <u>Defense counsel's names and contact information should be included</u>

Here, plaintiff requests that the notice only reflect the name and contact information for his counsel and not disclose to the potential opt-in members the name and contact information of defense counsel. Potential opt-in registered representatives, particularly those who are still working for defendant, have an absolute right to know the name of counsel for defendant, as well as their contact information, and have the right to have questions about the notice answered by defense counsel if they choose. *See Gutescu v. Carey International, Inc.*, 2003 WL 25586749 (S.D. Fla. 2003) (approving notice with name and contact information of defendants' counsel); *see also Garrison v. Chuck, Carol & Company, Inc.*, 2007 WL 1106128 (M.D. Fla. 2007) (approving notice with name and contact information of defendants' counsel). Without such information, the notice is, in effect, steering potential opt-in members to seek information about the notice only from counsel for plaintiff. This affords counsel for plaintiff a considerable opportunity to solicit the opt-in members to join the collective action in violation of the Florida Rules of Professional Conduct.

      b. <u>Counsel should not be permitted to provide legal advice</u>

Plaintiff's counsel seeks to give advice to the potential opt-in plaintiffs as to "the viability of their claims, the risk of potential retaliation, and/or their rights and obligations as plaintiffs." Pl. Motion, p.12 [DE 82]. As a matter of judicial control over the notification process and to avoid violation of the Florida Rules of Professional Conduct, neither counsel for defendant nor counsel for plaintiff should offer legal advice to potential opt-in members. Counsel's function should be merely to answer questions about the notice and the process without soliciting, coercing, or misleading the potential opt-in plaintiffs to join or not join the collective action. Thus, the proposed language in the notice notifying potential opt-in plaintiffs that neither counsel

can give legal advice is appropriate, reasonable and warranted under the circumstances. Furthermore, until the potential class members opt-in they are not members of the collective class and *are not* clients of plaintiff's counsel. A potential opt-in plaintiff is not represented by a lawyer until he or she actually opts-in. In fact, if plaintiff's counsel gives legal advice to a potential opt-in class member and that member does not opt-in to the class, this could lead to disqualification of plaintiff's counsel and/or cause plaintiff's counsel to become a witness.

Moreover, defendant certainly has the right to inquire about facts from its registered representatives relating to the defense of plaintiff's collective action. Clearly, the First Amendment favors not restricting non-prejudicial contacts and communications. The ABA Model Rule 4.3 "does not limit factual inquiries" of unrepresented parties, but "requires both sides to refrain from giving legal advice other than advice to engage counsel, if warranted."

In *Parks v. Eastwood Ins. Servs.*, 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002), the court denied plaintiffs' attempt to prevent defense communications with potential opt-in class members in a FLSA collective action. Notably, the court found that "pre-certification communication from the defense to prospective plaintiffs is generally permitted," and "a defendant employer may communicate with prospective plaintiff employees who have not yet 'opted in,' unless the communication undermines or contradicts the court's own notice to prospective plaintiffs." *Id.*

As a consequence of the foregoing, defendant proposes that the following language under the heading "Additional Information" be included in the Notice:

**PLEASE DO NOT ASK ANY OF THE ATTORNEYS FOR THEIR ADVICE OR OPINION AS TO WHETHER YOU SHOULD JOIN THIS LAWSUIT BECAUSE THEY CANNOT GIVE IT TO YOU. HOWEVER, YOU MAY CONTACT THE ATTORNEYS LISTED ABOVE FOR INFORMATION. (font in original)**

Plaintiff claims that defendant's proposed language in the notice requests that potential opt-in class members refrain from contacting counsel. This is not true. The suggested language in bold above simply states that potential opt-in class members cannot ask any of the attorneys for their advice or opinion as to whether they should join the lawsuit. The language in no way prohibits the potential opt-in class members from contacting counsel.

      **3.    Potential Collective Action Members May Be Responsible For Costs To Plaintiff's Attorneys**

In plaintiff's proposed Form of Notice, he suggests the following language under the section labeled <u>**Legal Effect of Joining This Lawsuit**</u>:

**You will not be responsible for paying any fees or costs to Plaintiff's attorneys.** (emphasis added)

This language is legally incorrect. Under the FLSA, a prevailing party is entitled to all costs incurred in the litigation of a FLSA claim. *Friskney v. American Park & Play, Inc.*, 2007 WL 675974 (S.D. Fla. 2007). Further, 54(d)(1) of the Federal Rules of Civil Procedure awards costs to the prevailing party. "An award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical." *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351-KHV, 2009 U.S. Dist. LEXIS 60393, at *15, 2009 WL 2058734 (D.Kan. July 15, 2009) (collective cases); *see also Gomez v. Reinke*, No. CV91-299-SLMB, 2008 U.S. Dist. LEXIS 60547, at *6, 2008 WL 3200794 (D. Idaho 2008) (awarding costs to defendants for prevailing on merits of an FLSA collective action claim).

For example, with respect to an opt-in plaintiff whose deposition is taken and a decision on the merits against such opt-in plaintiff is rendered, that opt-in plaintiff is liable for the taxable costs attendant upon defendant's successful defense of the FLSA claim. Potential opt-in plaintiffs should be aware of this possibility as a matter of full and fair disclosure, particularly since defendant believes that its registered representatives have filed tax returns indicating their independent status, have taken deductions based thereon, signed independent contractor agreements, and otherwise acted in an independent manner in performing their duties as a registered representative. After appropriate discovery in this matter, defendant intends to move to decertify the class, as well as move for summary judgment.

As a consequence, the notice should indicate that if an opt-in plaintiff loses on the merits, there is a risk that such plaintiff may pay costs[1].

As stated in *Frye v. Baptist Memorial Hospital, Inc.*, 2012 WL 1022034, *4 (W.D. Tenn. 2012):

> [Opt-in plaintiffs choose] to bring [a] FLSA claim as a collective action. [They are not] required to do so. [They choose] to put [themselves] at risk as the named party, and [they] assume ... the attendant risks, including the risk of paying costs. That the FLSA is remedial should not permit [opt-in plaintiffs] to evade the responsibilities of advancing a failed claim. Congress has recognized that representative actions are neither risk-free nor inexpensive; indeed, risk and cost are ubiquitous. [Opt-in plaintiffs] may not use the FLSA as a sword to advance [their] claim while shielding [themselves] from risk. To conclude otherwise would allow plaintiffs to advance risk-free FLSA claims, which neither the FLSA nor representative actions in general permit.

Further, the United States District Court of Kansas has held "that the notice should warn putative class members that they may be required to pay costs if [plaintiff] does not prevail." *Jancich v. Stonegate Mortgage Corporation*, 2012 WL 380287, *3

---

[1] In plaintiff's proposed notice, he suggests that potential opt-in plaintiffs will retain their rights to obtain other attorneys to represent them *at their own expense*. Defendant requests that this language be stricken as it is designed to discourage potential opt-in plaintiffs to choose their own lawyer who may agree to accept the matter on contingency, or the potential opt-in plaintiff may appear *pro se*. See defendant's proposed notice, Exhibit **A**.

(Kan. 2012). The Court adopted the following language: "If the claims of class members are found to be without merit, court costs and other expenses of [defendant] may be assessed against the class, with such assessment equitably among class members." *Id.* The Court held that this language "adequately state[d] putative class members' potential obligations." *Id.* Accordingly, an award of costs to a prevailing defendant in an FLSA case is clearly possible, and the notice should inform recipients about the possibility that they may be responsible for court costs.

### B. Plaintiff's Proposed Order Is Not Sufficiently Detailed and Many Requirements of Plaintiff Are Absent

Plaintiff's proposed order does not treat the list of the names and addresses of registered representatives as confidential, which it should. There is no publicly available list of the names and addresses of defendant's registered representatives, past and present, and they have a right of privacy with respect to this information. Since the independent registered representatives of defendant are able to move to any other brokerage firm at any time and transfer their clients with them, defendant has a compelling interest in not giving its competitors the ability to solicit the names of the independent registered representatives *en masse*.

Plaintiff's proposed order does not require plaintiff's counsel to maintain the original envelopes and consent forms when they are received, nor does it require plaintiff's counsel to date stamp and number each properly completed consent to join form when received. Such a procedure should be required of plaintiff's counsel so that the propriety and timeliness of the consent to join form can be challenged by defendant, if necessary. Moreover, this Court, as a matter of proper judicial administration over the collective action notification process, should require plaintiff's counsel to send a copy of the consent to join forms they receive to defendant's

counsel once a week, and to file a list of the opt-in plaintiffs, as well as the timely consent to join forms, with the court within seven (7) days of the end of the notice period.

Plaintiffs' proposed order does not have a date certain for mailing of the notice which date certain is required by defendant's proposed order. A date certain will simplify the identification of the potential class members for the list to be provided to plaintiff by defendant because the potential class will be those who worked for defendant within a 3 year period prior to the mailing date.

Finally, plaintiff's proposed order does not address that counsel for the parties should be prohibited from directly or indirectly soliciting or encouraging any potential opt-in plaintiffs from joining or refraining from joining the lawsuit. This is in accord with the ethical rules against solicitation set forth in the Rules of Professional Conduct of the Florida Bar, as discussed more fully in section A.2. *supra*.

Accordingly, this Court should not adopt plaintiff's proposed order but instead, should enter the order proposed by defendant, attached as Exhibit **B**.

    C.    **Plaintiff's Proposed Envelope Is Inappropriate As The Statement On Its Face Is Misleading And Suggests That The Judicial System Is Urging Potential Opt-In Plaintiffs To Join The Class.**

Plaintiff's proposed form of mailing envelope states on its face the following:

**COURT AUTHORIZED NOTICE OF UNPAID OVERTIME LAWSUIT AGAINST NATIONAL SECURITIES CORPORATION** (font in original)

It is fundamental that this Court should maintain its neutrality, and plaintiff's proposed language suggests that the Court has approved the class, this lawsuit, and is encouraging potential opt-in plaintiffs to join the collective action. It is axiomatic that collective action notices must "avoid even the appearance of judicial endorsements of the merits of the action." *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 174 (1989). Defendant respectfully suggests that to

the extent any language on the face of the envelope is necessary (which defendant disputes in the first instance; see the ethical prohibition against such language on an envelope, Rule 4 – 7.4(b)(2)(J) of the Rules of Professional Conduct of the Rules Regulating the Florida Bar), that the language mirror the title of the Notice, to wit:

**NOTICE OF PENDENCY OF COLLECTIVE ACTION LAWSUIT
AGAINST NATIONAL SECURITIES CORPORATION**

**D.     Plaintiffs' Proposed Consent Form is Sufficient**

Defendant does not object to plaintiff's Proposed Consent Form attached to plaintiff's Motion as Exhibit B.

**CONCLUSION**

For the foregoing reasons, this Court should authorize the use of defendant's proposed form of notice, order, and envelope.

Dated: July 5, 2012

Respectfully submitted,

/s/ Antoinette Theodossakos
Robert G. Haile, Jr., Esq.
Florida Bar No. 292796
Email: Rhaile@haileshaw.com
Antoinette Theodossakos, Esq.
Florida Bar No. 178608
Email: Atheodossakos@haileshaw.com
HAILE, SHAW & PFAFFENBERGER, P.A.
660 U.S. Highway One
Third Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100
Fax: (561) 622-7603
*Counsel for National Securities Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Respectfully submitted,

/s/ Antoinette Theodossakos
Robert G. Haile, Jr., Esq.
Florida Bar No. 292796
Email: Rhaile@haileshaw.com
Antoinette Theodossakos, Esq.
Florida Bar No. 178608
Email: Atheodossakos@haileshaw.com
HAILE, SHAW & PFAFFENBERGER, P.A.
660 U.S. Highway One
Third Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100
Fax: (561) 622-7603
*Counsel for National Securities Corporation*

## SERVICE LIST

**Evan Anish v. National Securities Corporation, et al.**
**CASE NO. 10-80330-CIV-MARRA**
**United States District Court, Southern District of Florida**

Christopher Marlborough, Esq.
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: cmarlborough@faruqilaw.com
**Method of Service:** CM/ECF
*Counsel for Plaintiff*


Emily C. Komlossy, Esq.
FARUQI &FARUQI, LLP
3595 Sheridan Street, Suite 206
Hollywood, FL 33021
Telephone: (954) 239-0280
Facsimile: (954) 239-0281
Email: ekornlossy@faruqilaw.com
**Method of Service:** CM/ECF
*Counsel for Plaintiff*


Gerald D. Wells III, Esq.
Email: jwells@faruqilaw.com
Sandy Smith, Esq.
Email: ssmith@faruqilaw.com
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
**Method of Service:** CM/ECF
*Counsel for Plaintiff*