UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80330-CIV-MARRA

EVAN ANISH, individually, and
on behalf of all others similarly situated,

    Plaintiff,

vs.

NATIONAL SECURITIES CORPORATION, a
Foreign Corporation, and DOES 1 through 10,
inclusive,

    DefendantS.
_____/

## OPINION AND ORDER

THIS CASE is before the Court upon Plaintiff's Motion for Approval of Form of Notice (DE 82), filed on June 26, 2012. Defendant National Securities Corporation ("NSC") filed objections to Plaintiff's form of notice (DE 85). The Court has carefully considered the motion, Defendant's response, and is otherwise fully advised in the premises.

### I. Background

Defendant National Securities Corporation ("Defendant"), a wholly-owned subsidiary of National Holdings Corporation, is a financial services organization that offers full retail brokerage services to thousands of high net worth and institutional clients nationwide. DE 66-2, September 30, 2010, 10-K Filing of National Holdings Corporation ("10-K Filing") at p. 4). Defendant describes its relationship with its brokers as follows:

> Our brokers operate primarily as independent contractors. An independent contractor registered representative who becomes an affiliate of a Broker Dealer Subsidiary establishes his own office and is responsible for the payment of expenses associated with the operation of such office, including rent, utilities,

> furniture, equipment, stock quotation machines and general office supplies. The independent contractor registered representative is entitled to retain a higher percentage of the commissions generated by his sales than an employee registered representative at a traditional employee-based brokerage firm.

Id.

Plaintiff Evan Anish, a former employee of Defendant, worked for Defendant as a registered representative from approximately June 2009 through January 15, 2010. Amended Complaint ("Am. Compl.") ¶ 29. Plaintiff brings a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on "behalf of himself and all other similarly situated individuals employed by Defendant." Am. Compl. p. 1. The Complaint specifically alleges that Plaintiff, a non-exempt employee under the FLSA who regularly worked over forty hours per week for Defendant, Am. Compl. ¶¶ 7, 15, 46, was not compensated at the statutory rate of time and one-half for the hours in excess of forty, in violation of the FLSA. Am. Compl. ¶ 48. The Complaint also alleges that Defendant's commission-based compensation policy, which did not account for actual hours worked, resulted in Plaintiff receiving compensation below the federal minimum wage, also in violation of the FLSA. Am. Compl. ¶¶ 51-54. Finally, the Complaint alleges that Defendant is an employer engaged in interstate commerce. Am. Compl. ¶45.

Defendant initially moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike certain allegations in the Complaint pursuant to Federal Rule of Civil Procedure 12(f). DE 13. The Court ultimately denied Defendant's motion to dismiss, but did give Plaintiff leave to amend his complaint to specify the location and dates associated with his employment. DE 43. Plaintiff subsequently filed an Amended Complaint on October

25, 2010.  DE 45.  Also, Plaintiff and another registered representative, Richard Darquea, have filed Notices of Consent to Join as Party Plaintiffs.  DEs 16, 41.

Plaintiff subsequently moved the Court for: (1) a conditional certification of a nationwide collection action compromised of a class of "Registered Representatives"; (2) the issuance of Court-authorized notice to members of the class; and (3) the production of the names and addresses of the class members for the effective dissemination of notice.  DE 66.  On May 25, 2012, the Court granted Plaintiff's Motion for Conditional Certification (DE 66).  DE 75.  The Court allowed notice to and the opportunity to opt-in to the following collective class:

> **All registered representatives who were employed by Defendant, National Securities Corporation, within the three (3) year period from consenting to be included in this collective action**.

Id.  The Court ordered the parties to confer and attempt to agree to a proposed notice to the collective class members, but noted that if the parties are unable to agree, Plaintiffs shall file a motion for approval of their proposed notice within five (5) days of the deadline for the joint proposed notice, and Defendants shall file a response to Plaintiffs' proposed notice within five (5) days of service.  Id.  The parties were unable to agree on a proposed notice, so Plaintiff filed the motion presently before the Court.

## II. Discussion

The only matter presently before the Court is the adequacy of Plaintiff's proposed form of notice.  The parties disagree over six specific issues with regard to the form of notice, each of which will be addressed separately.

*1. Reminder Notice*

Plaintiff asserts that because he agreed to a 60 day notice period (as opposed to 120 days)

he should be allowed to send a reminder notice to potential class members ten days prior to the expiration of the opt-in period. The only precedent for sending out a reminder notice provided by Plaintiff is a case from the Northern District of Illinois, Demarco v. Northwestern Memorial Healthcare, Case No. 10-CIV-397 (N.D. Ill.), DE 86, in which that court approved a reminder notice in a wage and hour action. Motion at 82. Demarco, however, involved a situation where the defendants consented to the reminder notice. See id., DE 85 at ¶ 3. In a separate matter where Defendant opposed Plaintiff's proposal to send a reminder letter to putative class members, the Northern District of Illinois held that "a reminder is unnecessary and potentially could be interpreted as encouragement by the Court to join the lawsuit." Smallwood v. Illinois Bell Telephone Co., 710 F.Supp.2d 746, 753-54 (N.D. Ill. 2010) (citing Witteman v. Wisconsin Bell, Inc., 2010 WL 446033, *3 (W.D. Wisc. 2010)). Although not binding authority, the Court finds the rationale articulated by the Smallwood and Witteman courts to be persuasive here. Accordingly, Plaintiff may not send out a reminder notice 10 days prior to the expiration of the opt-in period.

2. *Inclusion of Defense Counsel's Contact Information*

Defendant argues that the contact information for defense counsel should be included in the form of notice because "without such information, the notice is, in effect, steering potential opt-in members to seek information about the notice only from counsel for plaintiff." Response at 5. Further, Defendant's argue that including only the contact information for plaintiff's counsel "affords counsel for plaintiff a considerable opportunity to solicit the opt-in members to join the collective action in violation of the Florida Rules of Professional Conduct." Id. In support of Defendant's request to include the contact information for defense counsel, Defendant

cites to two federal cases from Florida to support the proposition that trial courts <u>may</u> allow for the inclusion of defense counsel's contact information.  <u>Id.</u> at 5 (citing <u>Gutescu v. Carey Int'l, Inc.</u>, 2003 WL 25586749 (S.D. Fla. 2003); <u>Garrison v. Chuck, Carol & Co., Inc.</u>, 2007 WL 1106128 (M.D. Fla. 2007)).

      The court has carefully reviewed the briefs and concludes that inclusion of defense counsel's contact information is not appropriate here.  Although the Court acknowledges that other federal courts in Florida have allowed the inclusion of defense counsel's contact information, neither of the two cases relied on by Defendant provide that the inclusion of defense counsel's contact information was contested.  The Court is not persuaded by Defendant's argument that the failure to include defense counsel's contact information will lead to inappropriate communications between Plaintiff's counsel and the putative class.  Even if the Court were to agrees with Defendant that the inclusion of Plaintiff counsel's contact information may lead to ethical violations, which it does not, the Court fails to see how the inclusion of defense counsel's contact information would cure that potential problem.  Regardless, the Court presumes that attorneys, acting as officers of the Court, will proceed in accordance with the Florida Rules of Professional Conduct and therefore refuses to implement prophylactic measures aimed at curing speculative ethical violations.  To the contrary, for reasons further developed in the next section, the Court believes that potential class members <u>should</u> contact Plaintiff's counsel with any questions regarding the matter.   Accordingly, the Court concludes that the form of notice should <u>not</u> include defense counsel's contact information.

3. *Plaintiff's Right to Give Legal Advice*

      Next, Defendant asserts that Plaintiff's counsel should not be permitted to provide legal

advice.  Defendant argues that "Counsel's function should be merely to answer questions about the notice and the process without soliciting, coercing, or misleading the potential opt-in plaintiffs to join or not join the collective action."  Response at 5.  The Court agrees.  Nonetheless, as stated above, the Court will not act under the assumption that one party will likely engage in unethical conduct.  Plaintiff's counsel is authorized to render any legal advice allowed by any applicable rules and regulations.  The Court will not impose any further restrictions on Plaintiff's ability to advise future clients.

*4. Disclosure of Potential Liability for Attorney's Fees*

> Plaintiff proposes the following language be included in the form of notice:
>
> The attorneys for Plaintiff are being paid on a contingency-fee basis, which means that if there is no recovery, the attorneys will not be entitled to any attorneys' fees. <u>You will not be responsible for paying any fees or costs to Plaintiff's attorneys</u>.  If Plaintiff prevails, the Court may order that attorneys' fees be paid from the money judgment entered in favor of the Plaintiff, that they be paid separately by NSC, or some combination of the two.

(Emphasis supplied).  Defendant objects to the inclusion of the underlined portion of the excerpt because, according to Defendant, the language is misleading.  Specifically, Defendant argues that potential opt-in plaintiffs should be aware of the possibility of being held liable for taxable costs associated with Defendant's defense of the claim.  The Court agrees.  Accordingly, the Court requires the above-referenced paragraph to be amended to include the following language:

> The attorneys for Plaintiff are being paid on a contingency-fee basis, which means that if there is no recovery, the attorneys will not be entitled to any attorneys' fees. You will not be responsible for paying any fees or costs to Plaintiff's attorneys. ***<u>However, if the claims of class members are found to be without merit, the court costs and other expenses of NSC may be assessed against the class, with such assessment distributed equitably among class members.</u>***  If Plaintiff prevails, the Court may order that attorneys' fees be paid from the money judgment entered in favor of the Plaintiff, that they be paid separately by NSC, or

some combination of the two.

Although emphasized in this Order, the added text need not be emphasized in the actual form of notice.

5. *Language on Envelope*

Plaintiff proposes the following statement to be on the mailing envelope containing the form of notice: "**COURT AUTHORIZED NOTICE OF UNPAID OVERTIME LAWSUIT AGAINST NATIONAL SECURITIES CORPORATION**." Defendant claims that such language provides the appearance of judicial endorsement, and thus proposes the following statement as a replacement: "**NOTICE OF PENDENCY OF COLLECTION ACTION LAWSUIT AGAINST NATIONAL SECURITIES CORPORATION**." The Court agrees with Defendant that Plaintiff's proposed language improperly suggests judicial endorsement. Accordingly, the Court holds that Defendant's proposed language shall be included on the envelope.

6. *Plaintiff Counsel's Obligations*

Finally, Defendant identifies the following deficiencies in Plaintiff's proposed order:

- Fails to treat the list of the names and addresses of registered representatives as confidential
- Fails to require Plaintiff's counsel to maintain the original envelopes and consent forms when they are received
- Fails to require Plaintiff's counsel to date stamp and number each properly completed consent to join form when received
- Fails to require Plaintiff's counsel to send a copy of the consent to join forms received to defense counsel once a week
- Fails to require Plaintiff's counsel to file a list of opt-in plaintiffs, as well as the timely consent to join forms, within seven days of the end of the notice period

The Court finds these requests to be reasonable and holds that Plaintiff shall be required to

adhere to them. The Court notes that Defendant also urges the Court to require the proposed form of notice to explicitly address the prohibition of Plaintiff's counsel against violating ethical rules. Such a requirement need not be articulated in the proposed form of notice.

### III. Conclusion

For all the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Approval of Form of Notice (DE 82) is **GRANTED IN PART AND DENIED IN PART**.

2. The parties shall confer and file a joint proposed form of notice consistent with this Order within ten (10) days of the entry of this Order.

3. Within ten (10) days of the entry of this Order, Defendant shall provide to Plaintiff's counsel the names, addresses, dates of employment, and telephone numbers of all current and former "registered representatives" who held the position at any of Defendant's locations within the last three years.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of September, 2012.

_____
KENNETH A. MARRA
United States District Judge